Alice M. **LEA**, Plaintiff–Appellant

v.

**METHODIST FAMILY HEALTH,** Defendant–Appellee.

No. 15–1377.

United States Court of Appeals, Eighth Circuit.

Submitted: July 9, 2015.

Filed: July 15, 2015.

Alice M. Lea, North Little Rock, AR, pro se.

Dylan H. Potts, Gill & Ragon, Little Rock, AR, for Defendant–Appellee.

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

PER CURIAM.

Alice Lea appeals the adverse judgment the district court[1] entered following a bench trial on her Title VII discrimination and retaliation claims. She asserts that her trial was an "ambush," and she essentially argues that the district court mishandled pretrial discovery matters, and improperly convinced her to proceed without a jury. Upon careful review, we conclude that the district court did not abuse its discretion in ruling on any pretrial discovery matter, *see In re Mo. Dep't of Natural Res.,* 105 F.3d 434, 435 (8th Cir.1997) (management of discovery is committed to sound discretion of trial court; scope of review of discovery orders is both narrow and deferential), and that Lea waived her right to a jury trial, *cf. Allen v. Barnes Hosp.,* 721 F.2d 643, 644 (8th Cir.1983) (per curiam) (failure to object to submission of case to judge instead of jury usually waives right to jury trial). In addition, to the extent Lea suggests that the district court made any improper rulings at trial, her failure to order a trial transcript precludes this court from conducting a meaningful review of such issues. *See* Fed. R.App. P. 10(b)(1) (discussing appellant's duty to order transcript); *Van Treese v. Blome,* 7 F.3d 729 (8th Cir.1993) (per cu-

---

1. The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

riam) (district court's factual findings, refusal to call witnesses, and denial of motions at bench trial cannot be reviewed without transcript); *Schmid v. United Bhd. of Carpenters & Joiners of Am.,* 827 F.2d 384, 386 (8th Cir.1987) (per curiam) (appellant has duty to bring before reviewing court all parts of proceedings below that are necessary for determination of validity of any claimed error).

Accordingly, we affirm. *See* 8th Cir. R. 47B.